UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6054-CR-DIMITROULEAS

UNITED STATES OF AMERICA,          :

       Plaintiff,               :

v.                                 :

JARED OWENS, et al.,               :

       Defendants.              :



**<u>DETENTION ORDER</u>**

      Pursuant to 18 U.S.C. § 3142(f), on March 7, 2000, a hearing was held to determine whether the defendant **Jared Owens** should be detained prior to trial. Having considered the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that no condition or combination of conditions will reasonably assure the appearance of this defendant as required and/or the safety of any other person and the community. Therefore, it is hereby ordered that the defendant **Jared Owens** be detained prior to trial and until the conclusion thereof.

      In accordance with the provisions of 18 U.S.C. § 3142(i), the Court hereby makes the following findings of fact and statement of reasons for the detention:

      1. The defendant is charged with conspiracy to possess with intent to distribute cocaine, possession of cocaine with intent to distribute and carrying a firearm during the commission



of a drug trafficking crime, in violation of 21 U.S.C. §§ 846 and 841(a)(1), and 18 U.S.C. § 924(c). Therefore, the defendant is charged with offenses involving a narcotic drug. 18 U.S.C. § 3142(g)(1).

  2. The weight of the evidence against the defendant is substantial. Government witnesses will testify that the defendant and his co-defendants were involved in the purchase of six kilograms of cocaine from an undercover detective. The defendant met with the undercover officer on February 2, 2000, and delivered $109,000 in cash for the cocaine, which the defendant inspected. The defendant then returned to a vehicle driven by co-defendant Erroll Sewell. After the defendant and Sewell were arrested, a loaded gun was recovered from the front passenger seat of the vehicle, where the defendant had been seated. Sewell admitted that the gun belonged to him, and that he brought in case there was trouble with the drug deal. 18 U.S.C. § 3142(g)(2).

  3. The pertinent history and characteristics of the defendant are that he resides in Spring Valley, New York with his mother, stepfather and two siblings. The defendant is single and has two children who live in New Jersey with their mother. The defendant's only asset is a 1992 Acura Integra. However, his mother and stepfather are willing to post their home as collateral on a bond.

  The defendant has a 1988 conviction for criminal possession of a narcotic drug. The police report on this case

reflects that the defendant was selling drugs from his parents' home.

The defendant also was convicted of witness tampering in 1988; possession of cocaine and narcotic equipment in 1992, and robbery in 1993. He currently is on parole for the robbery charge. The defendant has never failed to appear, and does not appear to be a risk of flight. 18 U.S.C. § 3142(g)(3)(A) and (B).

4. There is probable cause to believe the defendant conspired to possess and did possess with intent to distribute a substantial quantity of cocaine, offenses punishable by more than ten years under the Controlled Substances Act, 21 U.S.C. § 801, <u>et seq</u>, and carrying a firearm during the commission of a drug trafficking crime. Accordingly, the defendant constitutes a danger to the community. 18 U.S.C. § 3142(g)(4).

5. The Court specifically finds that there are no conditions or combination of conditions which reasonably will assure the defendant's appearance as required and/or the safety of any other person and the community. 18 U.S.C. § 3142(e).

Based upon the above findings of fact, which were supported by clear and convincing evidence, the Court has concluded that this defendant presents a danger to the community. The Court hereby directs:

(a) That the defendant be committed to the custody of the Attorney General for confinement in a corrections facility

3

separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

    (b)   That the defendant be afforded reasonable opportunity for private consultation with counsel; and

    (c)   That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED at Fort Lauderdale, Florida, this 10th day of March, 2000.

_____
LURANA S. SNOW
CHIEF UNITED STATES MAGISTRATE JUDGE

Copies to:

AUSA Robin Rosenbaum (FTL)
Pretrial Services (FTL)
Michael Entin, Esq.